IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 13-14900 |
| | | CHAPTER 13 |
| KATHERINE MARIE MOORE | : | JUDGE BETH A. BUCHANAN |
| DEBTOR | | |
| | : | TRUSTEE'S OBJECTION TO MORTGAGE ARREARAGE CLAIM, AND REQUEST FOR ORDER INSTRUCTING THE TRUSTEE TO SCHEDULE THE CORRECT ARREARAGE REFLECTED BY CLAIM ATTACHMENTS |

   Comes now the Chapter 13 Trustee, Margaret A. Burks, Esq. and respectfully objects to the arrearage claim of OCWEN LOAN SERVICING in the amount of $118,675.89.  See LBR 3007-1.  This case also has a conduit mortgage paid through the Plan which will continue to be paid.  This objection addresses the fact that the face of the claim asserts an incorrect arrearage.

   Information regarding the objection is as follows:

   1. Name of Creditor: OCWEN LOAN SERVICING, LLC
   2. Creditor' Attorney:  LEANN E. COVEY, ESQ.
   3. Date Claim Filed:  3/3/14
   4. Clerk Claim Number: 19
   5. Grounds for Objection: Arrearage claim was filed but the arrearage amount listed in field #4 on the face of the proof of claim appears to be the total debt amount of the claim. The arrearage asserted in the arrearage filed is $118,675.89, which matches the amount also asserted in the "Amount of Secured Claim."

      Part 2 of the claim which is the Statement of Pre-Petition Fees, Expenses and Charges, indicates the total prepetition fees, expenses and charges on Line 18 is only $1,290.27.

      This loan's maturity date is believed to be September 1, 2018. (See, the first page of the mortgage, which is page 19 in the attachments to Claim 19, as well as an assertion on the face of the claim in field 4.) The confirmed Plan instructed the Trustee to make post-petition payments on the mortgage, and cure the arrearage, in the apparent hope that the mortgage will complete during the Plan.

      The Trustee has not been instructed to pay the loan in full; thus the Trustee seeks an Order permitting the Trustee to schedule the actual pre-petition arrearage of $1,290.27, and the post-petition mortgage payments as instructed by the confirmed Plan.

   WHEREFORE, Trustee requests that the arrearage claim of the creditor be disallowed in the amount of $118,675.89, and that the Trustee be permitted to schedule $1,290.27 as the correct claim. As an alternative, the Trustee suggests that debtor file a Motion to Modify to change the treatment of the mortgage from long-term debt service under 11 U.S.C. §1322(b)(5) to bifurcation and cram down pursuant to 11 U.S.C. §1322(c)(2).

Respectfully submitted,

/s/ Margaret A. Burks, Esq.
Margaret A. Burks, Esq.
Chapter 13 Trustee
Attorney  No. OH 0030377

Francis J. DiCesare, Esq.
Staff Attorney
Attorney  No. OH 0038798

Guinevere D. O'Shea, Esq.
Staff Attorney
Attorney No.  OH 0086523

600 Vine Street, Suite 2200
Cincinnati, OH 45202
513-621-4488

mburks@cinn13.org Correspondence only
fdicesare@cinn13.org
goshea@cinn13.org
Cincinnati@cinn13.org Court filings

CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2014, a copy of the foregoing Objection to Mortgage Arrearage Claim was served on the following registered ECF participants, **electronically** through the court's ECF systems at the email address registered with the court:

U.S. Trustee
36 East 7th Street
Suite 2030
Cincinnati, Ohio 45202


And on the following by **ordinary U.S. Mail** addressed to:

KATHERINE MARIE MOORE
Debtor
11518 FARMINGTON ROAD
CINCINNATI, OH 45240

GEORGE A. DIERSING, ESQ.
Debtor's Counsel
600 VINE STREET
SUITE 402
CINCINNATI, OH 45202-2403

OCWEN LOAN SERVICING, LLC
Creditor
ATTN: CASHIERING DEPARTMENT
1661 WORTHINGTON ROAD
SUITE 100
WEST PALM BEACH, FL 33409

```
OCWEN LOAN SERVICING, LLC
ATTN: BANKRUPTCY DEPARTMENT
P.O. BOX 24605
WEST PALM BEACH, FL 33416-4605

LEANN E. COVEY, ESQ.
Creditor Counsel
THE LAW OFFICES OF JOHN D. CLUNK, LPA
4500 COURTHOUSE BLVD
SUITE 400
STOW, OH 44224
```

                                        /s/   Margaret A. Burks, Esq.
                                              Margaret A. Burks, Esq

```
                    UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

IN RE:                               :    CASE NO. 13-14900
                                          CHAPTER 13
    KATHERINE MARIE MOORE
                                     :    JUDGE BETH A. BUCHANAN
DEBTOR

                                     :    NOTICE OF OBJECTION OF CLAIM

Margaret A. Burks, Esq. Trustee has filed an objection to your claim in this bankruptcy case.

Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to reduce, modify or eliminate your claim, then on or before thirty (30) days from the date set forth in the certificate of service for the objection to claim, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to:

Bankruptcy Office
221 East 4th Street, Atrium II, Suite 800,
Cincinnati, Ohio 45202

OR your attorney must file a response using the court's ECF System.

The court must receive your response on or before the above date.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to

Margaret A. Burks, Esq.
Chapter 13 Trustee
600 Vine Street, Suite 2200
Cincinnati, Ohio 45202

KATHERINE MARIE MOORE
Debtor
11518 FARMINGTON ROAD
CINCINNATI, OH 45240

GEORGE A. DIERSING, ESQ.
Debtor's Counsel
600 VINE STREET
SUITE 402
CINCINNATI, OH 45202-2403

US Trustee
36 East Seventh Street
Suite 2030
Cincinnati, Ohio 45202

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to claim and may enter an order reducing, modifying, or eliminating your claim without further notice or hearing.

Date: 7/11/14                              /s/   Margaret A. Burks, Esq.
                                                 Margaret A. Burks, Esq